## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KENARD GRAHAM,

     Plaintiff,

v.                                     Case No. 3:22-cv-503-BJD-PDB

MANNING, SHOOK, LINGOLD,
FORESHELL, and STEPHANIE
ANDREWS,

     Defendants.

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED**

     That pursuant to the Court's Order entered on May 9, 2022, judgment entered dismissing this case without prejudice.

Date: May 10, 2022

                                ELIZABETH M. WARREN,
                                CLERK

                                _s/_ Deputy Clerk

Copy to:

Counsel of Record
Unrepresented Parties

# CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. § 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(b); Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272 (11th Cir. 1998). However, under 28 U.S.C. § 636(c)(3), the Courts of Appeals have jurisdiction over an appeal from a final judgment entered by a magistrate judge, but only if the parties consented to the magistrate's jurisdiction. McNab v. J & J Marine, Inc., 240 F.3d 1326, 1327-28 (11th Cir. 2001).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Under this section, appeals are permitted from the following types of orders:
       i.  Orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions; However, interlocutory appeals from orders denying temporary restraining orders are not permitted.
       ii.  Orders appointing receivers or refusing to wind up receiverships; and
       iii.  Orders determining the rights and liabilities of parties in admiralty cases.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the order or judgment appealed from is entered. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend or reopen the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time to file an appeal may be reopened if the district court finds, upon motion, that the following conditions are satisfied: the moving party did not receive notice of the entry of the judgment or order within 21 days after entry; the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice, whichever is earlier; and no party would be prejudiced by the reopening.

    (e)  **Fed.R.App.P.4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court lacks jurisdiction, i.e., authority, to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Revised 3/2011